**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2250
_____

IFEOMA EZEKWO,
Appellant

v.

CALIBER HOME LOANS INC; JAMAR HARRIS; LEDER WETTRE, Individually and
in her official capacity as Justice of the Federal District Court Newark, New Jersey;
SUSAN D WIGENTON, Individually and in her Official capacity as Justice of the
Federal Court of Newark, New Jersey; JOAN BEDRIN MURRAY, Individually and in
her Official capacity as Justice of the Superior Court of Bergen County, New Jersey;
SHERIFF CURETON, Individually and in his Official capacity as Sheriff of Bergen
County, New Jersey; STEPHEN CATANZARO; JOY HARMON SPERLING;
CHRISTINA LIVORSI; SHERRI SMITH; JOHN AND JANE DOES 1 TO 10
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:20-cv-16187)
District Judge: Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 15, 2022

Before: RESTREPO, PHIPPS and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 28, 2022)

_____

OPINION[*]

_____

PER CURIAM

U.S. Bank Trust obtained a default judgment in New Jersey foreclosure proceedings in which Ifeoma Ezekwo was named as one of the defendants, clearing the way for her home to be sold at a sheriff's sale. The state foreclosure court later entered an order denying Ezekwo's counseled motion to set aside the sheriff's sale. Ezekwo's appeal of that order was pending at the time she filed this pro se action in the District Court against Caliber Home Loans, Inc., the final servicer of Ezekwo's mortgage. In her complaint, Ezekwo echoed—if not adopted explicitly—the arguments she raised in her motion to set aside the sheriff's sale: principally, that the foreclosure judgment and subsequent sheriff's sale are unlawful because Ezekwo was misled by Caliber as to the monthly payment amount required under a loan modification program.[1]

The District Court denied Ezekwo's recusal motion and granted Caliber's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The District Court agreed with Caliber that Ezekwo's complaint is barred by the Rooker-Feldman[2] doctrine and, alternatively, by New Jersey's Entire Controversy Doctrine (the ECD).

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Ezekwo filed an amended complaint, but it was struck by the District Court as procedurally improper. The operative pleading in this case is thus the original complaint.

[2] D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923).

Ezekwo timely appealed the District Court's judgment. We have jurisdiction under 28 U.S.C. § 1291. The District Court's recusal ruling is reviewed for abuse of discretion. Butt v. United Bhd. of Carpenters & Joiners of Am., 999 F.3d 882, 891 (3d Cir. 2021). The remainder of our review is de novo. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018); Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006). We may affirm on any grounds supported by the record. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

Given the opening brief's overwhelming preoccupation with matters unrelated to this appeal, see, e.g., Br. 13 ("The preclusion order Judge Bumb issued is false"); Br. 20 ("The Appellant wants the Court of Appeals to order to close the Catholic Church as an organization"), there is a question whether Ezekwo meaningfully contests any of the bases on which the District Court ruled. A wholesale forfeiture would be reason enough to affirm. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016); see also Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam) (applying forfeiture rule to a pro se case). But we need not go down that path; if the brief is liberally construed, certain of Ezekwo's arguments on appeal suffice to preserve the relevant issues for our review.

Ultimately, the District Court did not abuse its discretion or commit any reversible error. Ezekwo's recusal motion was properly denied because it was all scorn and no substance; the record lacks any indicia of partiality by the District Court. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We

have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."); see also Liteky v. United States, 510 U.S. 540, 551 (1994).

Furthermore, while we question whether the Rooker-Feldman doctrine was properly applied in this case, see Malhan v. Sec'y United States Dep't of State, 938 F.3d 453, 460 (3d Cir. 2019) (holding that "*Rooker-Feldman* does not apply when state proceedings have neither ended nor led to orders reviewable by the United States Supreme Court"), we are confident, for substantially the reasons given in the District Court's opinion, that it properly applied the ECD to dismiss Ezekwo's claims. In particular, we agree with the District Court that Ezekwo's claims were, or could have been, litigated in the state foreclosure action. See Mori v. Hartz Mountain Dev. Corp., 472 A.2d 150, 155 (N.J. Super. Ct. - App. Div. 1983) ("[T]he entire controversy doctrine applies not only to matters actually litigated, but to all aspects of a controversy that *might* have been thus litigated and determined."); cf. Hoffman v. Nordic Nats., Inc., 837 F.3d 272, 279-80 (3d Cir. 2016) (affirming Rule 12(b)(6) dismissal on res judicata grounds where extra-pleading facts were undisputed matters of public record).[3]

Accordingly, we will affirm the judgment of the District Court.

---

[3] In In re Mullarkey, 536 F.3d 215, 230 (3d Cir. 2008), we observed that "New Jersey courts in applying the [ECD] have displayed a heightened concern for pro se litigants, particularly in summary or non-traditional proceedings." Notably, the state court order denying Ezekwo's motion to set aside the sheriff's sale was entered after briefing by counsel and a hearing.